**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JULIE HERRERA, individually and on behalf of all others similarly situated, | ) ) ) | Case No. |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| CONSOLIDATED WORLD TRAVEL, INC., d/b/a HOLIDAY CRUISE LINE, a Florida corporation, | ) ) ) ) | |
| Defendant. | ) ) | |

## CLASS ACTION COMPLAINT

Plaintiff Julie Herrera ("Plaintiff") brings this Class Action Complaint against Defendant Consolidated World Travel, Inc., d/b/a Holiday Cruise Line ("Holiday" or the "Defendant") on behalf of herself and all others similarly situated, and complains and alleges upon personal knowledge as to herself and her own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### I. NATURE OF THE ACTION

1. Defendant Holiday is a national cruise line. In an effort to market its services, Holiday made (or directed to be made on its behalf) unsolicited phone calls *en masse* to the wireless telephones of Plaintiff and each of the members of the Class without prior express written consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

404975.1

2.      Neither Plaintiff nor the other Class members ever consented in writing, authorized, desired or permitted Defendant to call their wireless telephones.

3.      By making such unauthorized phone calls, Defendant caused Plaintiff and each of the Class members actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited phone calls, and the monies paid to their wireless carriers for the receipt of such calls.

4.      In order to redress these injuries, Plaintiff seeks an injunction requiring Defendant to cease all unsolicited and unconsented-to wireless call activities and an award of statutory damages to the Class members under the TCPA, together with costs and reasonable attorneys' fees.

## II.    JURISDICTION AND VENUE

5.      This Court has original jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 because they arise under the laws of the United States and under 28 U.S.C. § 1332(d) because: (a) at least one member of the putative class is a citizen of a state different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

6.      This Court has personal jurisdiction over Holiday under the Illinois long-arm statute, 735 ILCS 5/2-209, because Holiday engaged in solicitation or service activities within the State of Illinois.  This Court also has personal jurisdiction over Holiday because it maintains its principal place of business in this state.  This Court also has personal jurisdiction over Holiday because a substantial a portion of the wrongdoing alleged in this Complaint took place in and/or was directed toward this State.  Holiday, by making phone calls *en masse* into this State

404975.1

soliciting business, or by directing that such calls be made on its behalf, has sufficient contacts in this State to render the exercise of jurisdiction by this Court permissible.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District.

### III.      PARTIES

*Plaintiff*

8.      Plaintiff Julie Herrera is an individual domiciled in Cook County, Illinois. For purposes of 28 U.S.C. § 1332, Plaintiff is a citizen of the State of Illinois.

*Defendant*

9.      Defendant Holiday is a corporation organized in and existing under the laws of the State of Florida with its principal place of business located 2121 W. Oakland Park Blvd., Suite 1, Fort Lauderdale, Florida 33311. For purposes of 28 U.S.C. § 1332, Holiday is a citizen of the State of Florida.

### IV.      FACTUAL BACKGROUND

10.      Companies have employed advance technologies that make it easier to market their products and services. According to a recent report examining class actions under the TCPA in the Northern District of Illinois:

> ***Autodialers (also known as robocalls) automatically deliver a prerecorded message to a list of telephone numbers, and thus remove the need for human representatives***. These predictive dialers were developed to find better pacing (scheduling of dialing attempts) by collecting and analyzing data on the proportion of call attempts that are answered, durations of time from call initiation to answer, and durations of service. The technology was designed to minimize both the time that telemarketers must spend waiting between conversations and amount of abandoned calls experienced by consumers.[1]

---

[1] Institute for Consumer Antitrust Studies, Loyola University Chicago School of Law, THE TELEPHONE CONSUMER PROTECTION ACT OF 1991: ADAPTING CONSUMER PROTECTION TO CHANGING TECHNOLOGY 7 (Fall 2013) (emphasis added). The report "was made possible through a cy pres

11.     Plaintiff has been the subscriber of the wireless telephone number ending in 7748 since approximately 2001.

12.     On May 3, 2015, at 11:59 p.m. CST, Plaintiff received a call to her wireless telephone with the number ending in 7748.

13.     Plaintiff's caller identification system listed the calling number as "918895491600."

14.     Plaintiff answered the call but could make out only muffled, indistinguishable voices.

15.     On the morning of May 4, 2015, at 9:23 a.m., Plaintiff called the "918895491600" number back and was informed via pre-recorded message that the call was being recorded and that she had won a free cruise.  When Plaintiff eventually spoke with an actual human being, that individual informed her that she was a representative of Holiday Cruise Line and presented Plaintiff with a pitch regarding the cruise offer.  Plaintiff has no recollection of ever entering into any contest regarding any Holiday cruise.

16.     When the Holiday Cruise Line representative asked Plaintiff to provide her credit card information, Plaintiff requested that Holiday send a letter or email confirming its identity and the legitimacy of the solicitation.  Within minutes, Plaintiff received the email attached hereto as **Exhibit A** containing promotional materials touting the benefits of a Holiday Cruise Line Cruise.  The sender's address displayed as "Register@holidaycl.com"; Defendant Holiday operates its website at address "www.holidaycl.com."

---

distribution from a class action involving the TCPA in the Northern District of Illinois under the supervision of Senior Judge William Hart and Magistrate Judge Morton Denlow." *Id.* at 2.

404975.1

17. Therefore, on information and belief, Holiday has made and continues to make phone calls to Plaintiff's and the Class members' wireless phones without prior express consent as part of its advertising campaign.

18. Holiday made or had made on its behalf, the same or substantially the same calls *en masse* to a list of thousands of wireless telephone numbers or randomly generated phone numbers.

19. On information and belief, Holiday made these calls to Plaintiff and the Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

20. Plaintiff and the Class members never consented to, requested, or otherwise desired or permitted Holiday to call their wireless phones.

## V. CLASS ALLEGATIONS

21. Plaintiff brings this action, as set forth below, on behalf of herself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

> All individuals in the United States who received one or more phone calls without prior express consent of the called party from or on behalf of Defendant Holiday placed by an automatic telephone dialing system (the "Class").

Excluded from the Class are Defendant and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

22. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

-5-

23.      **Numerosity – Federal Rule of Civil Procedure 23(a)(1).**  The members of the Class are so numerous that individual joinder of all Class members is impracticable.  On information and belief, there are thousands of consumers who have been damaged by Defendant's wrongful conduct as alleged herein.  The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from Defendant's books and records.  Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

24.      **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).**  This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

  a.      whether Holiday's conduct constitutes a violation of the TCPA;

  b.      whether the equipment Holiday and/or an entity acting on Holiday's behalf used to place the calls in question was an automatic telephone dialing system as contemplated by the TCPA;

  c.      whether Plaintiff and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief and, in what amount(s);

  d.      whether Plaintiff and the Class are entitled to treble damages based on the willfulness of Holiday's conduct; and

  e.      whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

25.      **Typicality – Federal Rule of Civil Procedure 23(a)(3).**  Plaintiff's claim is typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

26.      **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because her interests do not conflict with the

interests of the other Class members she seeks to represent; she has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by Plaintiff and her counsel.

27. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Holiday has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

28. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims, so it would be impracticable for Class members to individually seek redress for Defendant's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

404975.1

## VI.    CLAIM ALLEGED

### COUNT I
### Violation of the TCPA, 47 U.S.C. § 227
### (On behalf of the Class)

29.    Plaintiff re-alleges and incorporates by reference paragraphs 1-28 as if fully set forth herein.

30.    Holiday and/or its agents made, or directed to be made on their behalf, unsolicited phone calls to the wireless telephone number of Plaintiff and the other Class members *en masse* without their prior express written consent.

31.     Holiday made the calls, or had them made on its behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

32.    Holiday and/or its agents, or an entity acting on behalf of Holiday, utilized equipment that placed the phone calls to Plaintiff and other Class members simultaneously and without human intervention.

33.    By making the unconsented-to phone calls to Plaintiff and the Class, Holiday has violated 47 U.S.C. § 227(b)(1)(A)(iii).  As a result of Holiday's unlawful conduct, the Class members suffered actual damages in the form of monies paid to receive the calls on their wireless phones and under Section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

34.    Should the Court determine that Holiday's conduct was willful or knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other Class members.

404975.1

## VII.    JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VIII.    REQUEST FOR RELIEF

WHEREFORE, Plaintiff Julie Herrera, individually and on behalf of the Class, requests that the Court enter an Order as follows:

A.    Certifying the Class as defined above, appointing Plaintiff Julie Herrera as the representative of the Class, and appointing her counsel as Class Counsel;

B.    Awarding actual and statutory damages;

C.    Requiring Defendant Holiday to cease all wireless phone call activities initiated without prior express written consent, and otherwise protecting the interests of the Class;

D.    Awarding reasonable attorneys' fees and costs; and

E.    Awarding such other and further relief that the Court deems reasonable and just.


Dated: May 6, 2015                    Respectfully submitted,

                                                   JULIE HERRERA, individually and on behalf of all others similarly situated

                                      By:    /s/ Katrina Carroll
                                                   One of the Attorneys for Plaintiff
                                                   And the Proposed Putative Class

Katrina Carroll
kcarroll@litedepalma.com
Kyle A. Shamberg
kshamberg@litedepalma.com
LITE DEPALMA GREENBERG, LLC
Chicago Office
211 West Wacker Drive
Suite 500
Chicago, IL 60606
312.750.1265