IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JULIE HERRERA, individually and on behalf of all others similarly situated, | ) ) ) | Case No. 15-cv-4030 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| CONSOLIDATED WORLD TRAVEL, INC., d/b/a HOLIDAY CRUISE LINE, a Florida corporation, | ) ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

1. On May 6, 2015, Plaintiff Julie Herrera ("Plaintiff") filed this class action lawsuit against Defendant Consolidated World Travel, Inc., d/b/a Holiday Cruise Line ("Holiday" or the "Defendant") on behalf of herself and others similarly situated who received unsolicited telephone calls from or on behalf of Holiday. Plaintiff seeks relief pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Defendant has not yet been served with Plaintiff's Complaint.

3. To preserve the interests of the putative class members, as explained further below, Plaintiff, on behalf of herself and all other similarly situated consumers, hereby moves this Court for an Order certifying the following class under Federal Rule of Civil Procedure 23 (the "Class"):

> All individuals in the United States who received one or more phone calls without prior express consent of the called party from or on behalf of Defendant Holiday placed by an automatic telephone dialing system.

399975.1

2

4. Plaintiff seeks to enter and continue this motion until Defendant has appeared and class discovery has been completed. This motion is merely to provide notice to Defendant of Plaintiff's intent to seek class certification and to protect the interests of unnamed Class members.

5. In order to avoid "picking off" a lead plaintiff, thus allowing the disputed conduct to go unaddressed as to the rest of a putative class, the Seventh Circuit and Illinois Supreme Court hold that motions for class certification must be filed immediately. *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011); *Barber v. Am. Airlines, Inc.*, 241 Ill. 2d 450, 461, 948 N.E.2d 1042, 1048 (Ill. 2011).

6. Accordingly, Plaintiff files the instant motion.

7. Class treatment is appropriate here because, upon information and belief, the proposed Class consists of thousands of consumers. If this case is afforded the opportunity to proceed in discovery, Plaintiff believes that the precise size (and identity and contact information) of the Class will be readily determined from documents and records maintained by Defendant.

8. There are common questions of law and fact which predominate over individual questions, which include, but are not limited to:

    (a) whether Defendant's conduct constitutes a violation of the TCPA;

    (b) whether the equipment Defendant used to send the text messages in question was an automatic telephone dialing system as contemplated by the TCPA;

    (c) whether Plaintiff and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief and in what amount(s);

    (d) whether Plaintiff and the Class are entitled to treble damages based on the willfulness of Defendant's conduct; and

  (e)  whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

  9.  The claims of Plaintiff are typical of the members of the Class in that Plaintiff has suffered the same type of injury stemming from the same wrongful conduct as the members of the Class. A single resolution of these claims would be preferable to a multiplicity of similar actions.

  10.  Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class she seeks to represent, she has retained counsel competent and highly experienced in complex class action litigation, and she intends to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and her counsel.

  11.  The class mechanism is superior to individual claims for the fair and efficient adjudication of the claims of Plaintiff and Class members. The class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

  12.  This suit is also maintainable as a class action under Fed. R. Civ. P. 23 (b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the class as a whole.

WHEREFORE, Plaintiff respectfully requests that this Court enter a briefing schedule on the class certification motion, as it deems appropriate, after the completion of class discovery.

Dated: May 6, 2015                     Respectfully submitted,

                                       JULIE HERRERA, individually and on behalf of all others similarly situated

                                By:    */s/ Katrina Carroll*
                                       One of the Attorneys for Plaintiff
                                       And the Proposed Putative Class

Katrina Carroll
kcarroll@litedepalma.com
Kyle A. Shamberg
kshamberg@litedepalma.com
**LITE DEPALMA GREENBERG, LLC**
Chicago Office
211 West Wacker Drive
Suite 500
Chicago, IL 60606
312.750.1265

399975.1